**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TING WU PAN, # A 249-142-359** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 5:26cv434-DCB-RPM**

**BRIAN ACUNA, TODD BLANCHE, TODD M. LYONS, MARKWAYNE MULLIN, and WARDEN** **RESPONDENTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*. This habeas action was initiated on May 5, 2026. At the time, *pro se* Petitioner Ting Wu Pan was an alien detainee in the custody of the Department of Homeland Security.

On August 13, 2026, the Court ordered Pan to sign the Petition under oath by August 27. Having received no response, on September 10, the Court entered the Order to Show Cause [4], directing him to show cause why the case should not be dismissed for failure to obey a Court Order [2]. The response was due September 24. When Pan still did not respond, the Court entered the Second Order to Show Cause [6], on October 8, giving him a final chance to comply.

All Orders [2, 4, 6] were sent to Pan's address of record but were all returned as undeliverable. To date he has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned Pan that failure to prosecute or comply, including keeping the Court apprised of his address, may lead to the dismissal of this case. (2d Order to Show Cause at 1); (Order to Show Cause); (Order Requiring Pet'r to Respond at 1-2). It is apparent from his failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a

Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Respondents have never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 6th day of November, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE